**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:09CV-96-R**

**BORIS NICHOLAEVICH SKUDNOV**                                                      **PLAINTIFF**

v.

**HOUSING AUTHORITY OF BOWLING GREEN**                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Proceeding without the assistance of counsel, Plaintiff filed this action against the Housing Authority of Bowling Green.  Along with his complaint, Plaintiff also filed an application to proceed without prepayment of fees (DN 3), which is **GRANTED**.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons explained below, the instant action will be dismissed because it is apparent from the face of the complaint that the action is barred by the doctrine of *res judicata.*

### I.  BACKGROUND

Plaintiff, Boris Nicholaevich Skudnov, has filed this action against the Housing Authority of Bowling Green.  Although not a model of clarity, it appears from the face of the complaint that Plaintiff rented an apartment from Defendant between 1993 and 2003.  Plaintiff complains about being the "victim of administrative violations [and] unauthorized combining accounts numbers 165 and 217 to pay for rent and withdraw money from rental checks to pay for illegal work."

Plaintiff also appears to allege some type of discrimination by the Defendant because "from January 1998 Administration Housing Authority of Bowling Green to gave a order for residents

administration of HABG for rent 'we do not accept cash for rent we are accept only check or money order master card visa' This action have been used by HABG illegally extracted money by fraud, fraud from rent payed by me.  From January 1998 I issued for rent money order or check (check signed by my son)."

Plaintiff previously filed suit against Defendant in this Court on September 19, 2005.  *See Skudnov v. Housing Authority of Bowling Green*, No. 1:05CV-140-R.  His 2005 complaint against Defendant alleged "[that Plaintiff was] financially charged for things that were not clearly stated in the housing contract, the fines for law (sic) maintenance which resolted (sic) in my eviction from the residence.  The action of the Housing authoritice (sic) towards me I consider as discrimination."  Plaintiff also made allegations concerning the fact that he was not compensated for painting a portrait/mural.  After filing the complaint *pro se*, Plaintiff retained counsel who entered an appearance on December 19, 2005.  Although not explicitly identified in Plaintiff's complaint, the Court construed Plaintiff's complaint as being brought under the Americans with Disabilities Act, the Fair Housing Act, and the Kentucky Civil Rights Act.  Defendant moved for summary judgment, which the Court granted upon finding:  (1) that as part of the rental contract Plaintiff was required to perform seasonal maintenance (including mowing) unless Defendant received proof of his disability; (2) that when Defendant received proof of Plaintiff's disability it began maintaining Plaintiff's yard; and (3) that Defendant demonstrated a nondiscriminatory reason for Plaintiff's eviction.  Plaintiff did not timely appeal the Court's judgment in favor of Defendant.[1]

---

[1]The Court entered summary judgment in favor of Defendant on November 16, 2006.  On July 17, 2007, Plaintiff filed a motion for belated appeal and motion to proceed *in forma pauperis on appeal*, both of which the Court denied.  Plaintiff then filed a second motion to

## II. STANDARD OF REVIEW

Upon initial review of the complaint, this Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In evaluating whether a complaint has stated a claim upon which relief may be granted, the factual allegations in a complaint need not be detailed; they "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citations omitted). However, " a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S.__,129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent'

---

proceed *in forma pauperis* on appeal, which the Court transferred to the Sixth Circuit pursuant to Fed. R. App. P. 24(a)(5).

with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

The doctrine of *res judicata* prohibits a plaintiff from relitigating a claim that was asserted or which could have been asserted in earlier litigation against the same defendants or their privies. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981); *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003) (*abrogated on other grounds by 14 Penn Plaza LLC v. Pyett*, __ U.S.__, 129 S. Ct. 1456, 1463 (2009)). Where jurisdiction in the prior litigation was based on a federal question, a federal court applies federal law in determining the preclusive effect of a prior federal judgment. *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 n.12 (1971) ("It has been held in non-diversity cases since *Erie R. Co. v. Tompkins*, that the federal courts will apply their own rule of *res judicata*.") (quotation omitted)). The elements of *res judicata* are: "(1) there is a final decision on the merits of the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is identity of claims." *Walker v. General Tel. Co.*, 25 F. App'x 332, 336 (6th Cir. 2001) (citing *Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d

4

474, 480 (6th Cir. 1992)).

The Court will consider each of these four elements in order to determine whether Plaintiff's present suit is barred by his 2005 action.

### 1. Final decision on the merits

In the 2005 action, this Court granted summary judgment to Defendant. This constitutes a final decision on the merits. *See Helfrich v. Metal Container Corp.*, 11 F. App'x 574 (6th Cir. 2001) ("The district court rendered a final decision on the merits by granting summary judgment."). Thus, the first element is satisfied.

### 2. Parties

The parties in the 2005 suit and the present action are identical, which satisfies the second element.

### 3. Issues that were or should have been litigated

The Court is not precisely certain of the issues that Plaintiff seeks to litigate in this case. It appears the issues concern the collection and payment of his rent by the Defendant. These were part of the issues that were litigated in the 2005 cases. Additionally, to the extent that these actual issues were not litigated as part of the 2005 case, it is clear that they arise out of Plaintiff's rental agreement with Defendant, the subject of the 2005 action. Additionally, Plaintiff avers in the present complaint that he discovered the "administrative violations" in 2005 when he was able to receive a copy of his rental contract from the main Louisville office. As such, the claims in the present action could and should have been raised in the 2005 action. The third element is satisfied.

### 4.     Identity of claims

Finally, there is identity of claims. Identity of claims means an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). Just as in the 2005 action, all of Plaintiff's current claims stem from his 1993-2003 rental agreement with Defendant.

In the present action, Plaintiff is simply trying to re-litigate claims that he lost as part of his 2005 action. As such, this action is barred by the doctrine of *res judicata* and, therefore, must be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion and Order.

Date:

cc:     Plaintiff, *pro se*
4413.008

6